# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **NANCY WEEMS,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    Civil Action No.: |
| | ) |
| **OMNI HOTELS MANAGEMENT** | ) |
| **CORPORATION,** | ) |
| | ) |
|     **Defendant.** | ) |

## NOTICE OF REMOVAL

Defendant Omni Hotels Management Corporation ("Defendant"), by counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby files its Notice of Removal of this action from the Circuit Court for Davidson County, Tennessee, to the United States District Court for the Middle District of Tennessee, Nashville Division. As addressed below, this Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity among the parties, and it is plain from the face of the complaint that the plaintiff, Nancy Weems ("Plaintiff"), demands more than $75,000, exclusive of interest and costs, for her alleged permanent injuries. In further support of this Removal, Defendant states as follows:

## INTRODUCTION

1. Plaintiff initiated this action on March 22, 2021, by filing a complaint (the "Complaint") against Defendant in the Circuit Court for Davidson County, Tennessee. The state court case is styled: *Nancy Weems v. Omni Hotels Management Corporation*, Case No. 21C513.

2. Plaintiff's Complaint alleges negligence stemming from an incident on September 20, 2020, in which Plaintiff alleges she sustained personal injuries after she tripped over a lounge chair at the end of the pool area at the Omni Nashville Hotel. (Compl. ¶¶ 3-4.) Defendant denies

837981.2/020210322

Case 3:21-cv-00293   Document 1   Filed 04/12/21   Page 1 of 7 PageID #: 1

Plaintiff's allegations.

## GROUNDS FOR REMOVAL

I. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

A. <u>Removal is timely and the amount in controversy exceeds $75,000.</u>

3. Removal is timely pursuant to 28 U.S.C. 1446(b) because Defendant's Notice of Removal was made within thirty (30) days of service of the Summons and Complaint upon the Defendant. Defendant was served with the Complaint on March 24, 2021.

4. The amount in controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from the face of Plaintiff's Complaint that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

5. The Complaint fails to demand a sum Plaintiff is seeking. Rather, the Complaint merely requests "a judgment in an amount that would be the maximum allowed under the law and consistent with TCA 29-39-102". However, 28 U.S.C. §1446 (c)(2) provides:

> (2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a) [28 USCS § 1332(a)], the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--
> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks--
> (i) nonmonetary relief; or
> (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a) [28 USCS § 1332(a)].

6. Pursuant to 28 U.S.C. §1446 (c)(2)(A), Defendant states the amount in controversy exceeds the sum of $75,000 as Plaintiff has alleged that as a result of the incident she suffered "severe femur fracture on her right side…causing her damages to include incurred medical bills,

pain and suffering, permanent injury and loss of enjoyment of her life all in the past and all into the future." (Compl. ¶¶ 9; 17.)

7. Although Defendant denies that Plaintiff is entitled to any award of damages, the Court should infer from Plaintiff's purported damages, including her alleged past, present, and future claims for damages, as well as severe physical injuries which she claims are permanent, that she is seeking recovery in an amount in excess of this Court's jurisdictional minimum.[1] It is widely recognized that claims for personal injuries like those asserted here facially meet the $75,000 jurisdictional threshold. *See, e.g.*, *Gebbia v. Wal-Mart Stores, Inc.,* 233 F. 3d 880, 882 (5th Cir. 2000) (internal citations omitted) (holding that the amount in controversy was facially apparent from the pleadings where the plaintiff sought damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, as well as permanent disability and disfigurement); *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064-65 (11th Cir. 2010) (concluding that when the value of the plaintiff's claims were analyzed with judicial experience and common sense, the amount in controversy likely exceeded the $75,000); *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig.*, 692 F. Supp. 2d 1025, 1040 (S.D. Ill. 2010) ("Given the severe and ongoing nature of the injuries alleged, the Court finds that it is plausible and supported by the preponderance of the evidence that the amount in controversy has been established."); *Carr v. Halloway*, Civil Action No. 5:09-cv-327 (HL), 2010 U.S. Dist. LEXIS 104878, at *8-9 (M.D. Ga. Oct. 1, 2010) (finding that, based

---

[1] However, if the amount in controversy is not facially apparent from the Complaint, Defendant requests leave to conduct limited discovery with respect to damages so that it may demonstrate the amount in controversy is satisfied. A removing defendant need only show that it is "more likely than not" that the amount in controversy exceeds $75,000. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993), abrogated on other grounds by *Hertz Corp. v. Friend*, 559 U.S. 77, 91 (2010); *See also, e.g., Shannon v. Albertelli Firm, P.C.*, No. 4:13-CV-0265-HLM, 2014 U.S. Dist. LEXIS 185636, at *14 (N.D. Ga. Jan. 21, 2014) (noting in some cases the defendant may need to provide additional evidence demonstrating removal is proper. (citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010))).

on the Court's judicial experience and common sense, the plaintiff's claim likely would result in a pain and suffering award that would bring plaintiff's case in excess of $75,000.00 even though plaintiff did not assign dollar figures to the amount of his claimed damages for pain and suffering); *Viens v. Wal-Mart Stores,* Civ. No. 3:96cv02602(AHN), 1997 U.S. Dist. LEXIS 24029, at *1 (D. Conn. 1997) (concluding that the combination of the victim's lost wage claim and her lumbar spine injury claim established that there was a reasonable probability that the amount in controversy exceeds the jurisdictional minimum); *Gabrielle v. Allegro Resorts Hotels*, 210 F. Supp. 2d 62, 65 (D.R.I. 2002) ("The fact that Gabrielle and Rollins each allege that they are still disabled almost two years after the incident and that their disabilities will continue indefinitely into the future weighs heavily in favor of a finding that the Complaints demonstrate that the amount in controversy reasonably exceeds $ 75,000.00."); *Yocham v. Novartis Pharms. Corp.*, No. 07-1810 (JBS), 2007 U.S. Dist. LEXIS 58938, 2007 WL 2318493, at *3 (D.N.J. Aug. 13, 2007) ("[I]t appears from the face of the Complaint that the amount in controversy exceeds $75,000" where the plaintiff alleged a skin condition which resulted in hospitalization at a burn unit and seeking "compensatory damages for 'past, present, and future pain and suffering,' lost earnings, past and future medical expenses and punitive damage."). In sum, Plaintiff's allegations in her Complaint make clear that her claim for damages satisfies the jurisdictional requirements of 28 U.S.C. § 1332(a).

B.   There is complete diversity among the parties.

8.   Upon information and belief, at all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, Plaintiff was and still is a resident, citizen and domicile of Lugoff, South Carolina. (Compl. ¶ 1.)

9.   For purposes of diversity of citizenship, a corporation is deemed to be a citizen of

both the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. §1332(c)(1).

10. At all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, and as alleged in Plaintiff's Complaint, Defendant was and still is a Delaware corporation with its principal place of business in Dallas, Texas. (Affidavit of Kristin Reinsch, attached as **Exhibit A**). Thus, at all relevant times hereto, Defendant was a citizen of the States of Delaware and Texas for purposes of determining diversity.

11. Accordingly, at all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, there was and still is complete diversity among the parties, and removal is proper under 28 U.S.C. §§ 1332 and 1441(b).

C. <u>Venue and other requirements are satisfied.</u>

12. This Court has jurisdiction over this action by reason of diversity of citizenship pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(b). Venue for removal is proper in this District and Division, *see* 28 U.S.C. § 1441(a), because this District and Division embraces the Circuit Court for Davidson County, Tennessee, the forum in which the removed action was pending. *See* 28 U.S.C. § 123(b)(1). Thus, this Court is the proper venue for this action pursuant to 28 U.S.C. §1441(a).

13. Defendant is not a citizen of the State of Tennessee, the state where this action was brought. *See* 28 U.S.C. § 1441(b)(2).

14. As counsel for Defendant, the undersigned hereby certifies that all defendants who have been properly joined and served join in and consent to the removal of this action.

15. Pursuant to 28 U.S.C. § 1446(a), a true and legible copy of all process, pleadings, and orders served upon Defendant in the original state court action as of this date are attached

hereto as "**Exhibit B**".

16. Pursuant to 28 U.S.C. § 1446(d), Defendant will file a written notice of removal with the Circuit Court for Davidson County, Tennessee, where this action was pending, a copy (without exhibits) of which is attached hereto as "**Exhibit C**". A copy of this Notice of Removal is being served upon Plaintiff's counsel as required by 28 U.S.C. § 1446(d).

17. Defendant will file its Federal Rule of Civil Procedure 7.1 and Local Rule 7.02 Business Entity Disclosure Statement contemporaneously with this Notice.

18. By filing this Notice of Removal, Defendants do not waive any defenses, including without limitation, failure to state a claim, lack of personal jurisdiction, improper venue or forum, all defenses specified in Fed. R. Civ. P. 12, or any other defense.

19. If any question arises regarding the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a memorandum and oral argument in support of the position that this case is removable and conduct discovery related to the facts that support removal.

WHEREFORE, Defendant respectfully removes this action from the Circuit Court for Davidson County, Tennessee, to the United States District Court for the Middle District of Tennessee, Nashville Division pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully Submitted,

OMNI HOTELS MANAGEMENT CORPORATION

*/s/ Matthew B. Haskell*
Matthew B. Haskell
GULLETT SANFORD ROBINSON & MARTIN PLLC
150 Third Ave. South, Suite 1700
Nashville, TN 37201
615.244.4994- Telephone
615.256.6339- Fax
mhaskell@gsrm.com

OF COUNSEL:
C. Stephen Setliff, *pro hac application to follow removal*
Eli Jason S. Mackey, *pro hac application to follow removal*
SETLIFF LAW, P.C.
4940 Dominion Boulevard
Glen Allen, Virginia 23060
Telephone: (804) 377-1261
Facsimile: (804) 377-1281

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of April 2021, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing upon all parties of record to this cause by electronic notification (NEF) to the CM/ECF participating attorneys. To the extent the attorneys for the parties are not yet participating in the CM/ECF system, the foregoing document was duly served by e-mailing a copy to the following attorneys of record not yet participating in the CM/ECF system, in accordance with the provisions of Rule 5, Federal Rules of Civil Procedure:

Christopher Kim Thompson #015895
THOMPSON LAW
4525 Harding Pike, Suite 203
Nashville, Tn. 37205
615-620-4329
kim@thompsonslawoffice.com

*/s/ Matthew B. Haskell*

837981.2/020210322