IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

NANCY WEEMS,            )
                        )
    Plaintiff,          )   NO. 3:21-cv-00293
                        )
v.                      )   JUDGE RICHARDSON
                        )
OMNI HOTELS MANAGEMENT  )
CORPORATION,            )
                        )
    Defendant.          )

# ORDER

Pending before the Court is Plaintiff's Motion to Show Cause for Failure to Appear for a Deposition Pursuant to a Subpoena (Doc. No. 26, "Motion"). Defendant has not replied to the Motion.

## BACKGROUND

Via the Motion, Plaintiff informs the Court that non-party Don Ostrander (and former employee of Defendant) failed to appear for his deposition scheduled for February 11, 2022 after he was personally served with a subpoena on December 13, 2021. (Doc. No. 26-1).[1] Plaintiff alleges that Plaintiff, Plaintiff's counsel, and Defendant's counsel appeared at Plaintiff's counsel's office on February 11, 2022 along with a court reporter at the designated time for the deposition of Mr. Ostrander. (Doc. No. 26. at 2). Mr. Ostrander did not appear, did not answer attempted

---

[1] The Court finds the subpoena served on Mr. Ostrander was valid in form, was properly served, and he had notice of his February 11, 2022 deposition. *See* Rule 4, Fed. R. Civ. P.; *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005) ("A nonparty's failure to timely make objections to a Rule 45 subpoena . . . generally requires the court to find that any objections have been waived.").

phone calls made to him, and did not return any attempted phone calls for over 30 minutes after the scheduled deposition time. (*Id*.; Doc. No. 26-2).

Plaintiff requests pursuant to Fed. R. Civ. P. 45(g) the issuance of "an Order requiring Mr. Ostrander to appear and explain why he did not appear for a deposition after being duly served" and for the Court to thereafter "find Mr. Ostrander in contempt and to put in place whatever sanctions are appropriate that will cause the deposition of Mr. Ostrander to take place." (Doc. No. 26 at 2).

## DISCUSSION

"The only authority in the Federal Rules of Civil Procedure for the imposition of sanctions against a nonparty for failure to comply with a subpoena duces tecum is Rule 45(f) [now Rule 45(g)[2]]." *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 (9th Cir. 1983). Under Rule 45(g), "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). The Court has the power under this rule to impose contempt simply on the basis of failure to comply with a subpoena. *PaineWebber Inc. v. Acstar Ins. Co.*, 211 F.R.D. 247, 249 (S.D.N.Y. Nov. 27, 2002); *Diamond v. Simon*, 1994 WL 10622, at *1 (S.D.N.Y. Jan. 10, 1994).

A non-party witness is entitled to notice and an opportunity to be heard before being held in contempt. *S.E.C. v. Hyatt*, 621 F.3d 687, 694 (7th Cir. 2010) ("Due process requires that a person facing contempt sanctions be given adequate notice and fair opportunity to be heard in civil

---

[2] Rule 45 was amended in 2013, with much of the language of Rule 45(f) (which at one point was contained in Rule 45(e)) being incorporated to what is now Rule 45(g). See 2013 Amend. Fed. R. Civ. P. 45 ("Subdivision (g) carries forward the authority of former subdivision (e) to punish disobedience of subpoenas as contempt.").

contempt proceedings."); *Martinez v. City of Avondale*, No. CV-12-1837-PHX-LOA, 2013 WL 5705291, at *1 (D. Ariz. Oct. 18, 2013).

The Motion is **GRANTED**. It is hereby **ORDERED** that non-party witness Don Ostrander is directed to appear in person before this Court on **April 18, 2022 at 3:00 p.m.** in Courtroom 874, Estes Kefauver Federal Building & Courthouse, 801 Broadway, Nashville, TN 37203 to show cause why he should not be held in contempt for his failure to comply with the subpoena and appear for his deposition. All counsel of record in this case are expected to appear at the show cause hearing.

It is further **ORDERED** that Plaintiff is directed to effect service of this Order upon non-party Don Ostrander on or before **April 11, 2022** and to promptly file proof of such service.

Non-party witness Don Ostrander is on notice that any failure to comply with this Order and to appear in this Court on [insert date and time] may subject Mr. Ostrander to contempt sanctions, including monetary sanctions.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE